# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITRIX SYSTEMS, INC.,<br><br>                Plaintiff,<br><br>  v.<br><br>PARALLEL NETWORKS LICENSING, LLC,<br><br>                Defendant. | Civil Action No. 1:19-cv-2005-LPS<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S OPENING BRIEF IN SUPPORT
### OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER

Dated: December 18, 2019

                                                          DEVLIN LAW FIRM LLC
                                                          Timothy Devlin (No. 4241)
                                                          1526 Gilpin Avenue
                                                          Wilmington, DE 19806
                                                          (302) 449-9010
                                                          tdevlin@devlinlawfirm.com

                                                          *Attorney for Defendant*
                                                          *Parallel Networks Licensing, LLC*

## TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.    SUMMARY OF THE ARUGMENT .............................................................................. 1

III.   LEGAL STANDARD ..................................................................................................... 2

    A.    Subject Matter Jurisdiction ................................................................................... 2

    B.    Transfer of Venue ................................................................................................. 3

        a.    The *Jumara* Analysis and Factors .................................................................. 3

        b.    First-to-File Rule and Customer Suit Exception ........................................... 4

IV.    ARGUMENT ................................................................................................................... 5

    A.    Citrix Fails to Provide Sufficient Evidence of an "Actual Controversy" Between the Parties, and Thus Its Complaint Should Be Dismissed ................................... 5

    B.    Alternatively, the Court Should Transfer this Case to the Eastern District of Texas ................................................................................................................. 8

        a.    This Case Could Have Been Brought in the Eastern District of Texas .................. 8

        b.    The *Jumara* Private Factors Favor Transfer ............................................... 8

        d.    The First-Filed Rule Further Suggests that this Case Be Transferred ............... 12

V.     CONCLUSION ............................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
   300 U.S. 227 (1937) .................................................................................................................. 3

*Air Products and Chemicals, Inc. v. MG Nitrogen Services, Inc.*,
   133 F. Supp. 2d 354 (D. Del. 2001) ................................................................................. 12, 13

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
   295 F.Supp. 2d 393 (D. Del. April 30, 2002) ............................................................................ 9

*Arris Group, Inc. v. British Telecommunications PLC*,
   639 F.3d 1368 (Fed. Cir. 2011) ................................................................................................. 6

*Bender v. Williamsport Area Sch. Dist.*,
   475 U.S. 534 (1986) .................................................................................................................. 2

*Broadsign Int'l, LLC v. T-Rex Prop. BA*,
   2018 U.S. Dist. LEXIS 4878 (S.D.N.Y. Jan 10, 2018) ............................................................. 5

*CVIN LLC v. Clarity Telecom, LLC*,
   No. 17-417-LPS (D. Del., Oct. 2, 2017) ................................................................................. 10

*Daimler Chrysler Corp. v. Gen. Motors Corp.*,
   133 F. Supp. 2d 1041 (N.D. Ohio 2001) ................................................................................. 13

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
   No. 11-15068, 2012 WL 314049 (E.D. Mich. Jan. 31, 2012) ................................................. 12

*E. I. Dupont de Nemours & Co. v. Diamond Shamrock Corp.*,
   522 F. Supp. 588 (D. Del. 1981) ............................................................................................... 8

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) ................................................................................................. 4

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
   737 F.3d 704 (Fed. Cir. 2013) ............................................................................................. 4, 12

*Genentech v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) ............................................................................................... 4, 5

*Genetic Techs. v. Natera, Inc.*,
   2014 U.S. Dist. LEXIS 51772 (D. Del. Apr. 15, 2014) ............................................................ 9

*ICU Medical Inc. v. Rymed Technologies, Inc.*,
   2008 U.S. Dist. LEXIS 4983 (D. Del. Jan. 23, 2008) .............................................................. 11

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ................................................................................................. 3, 4

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) .............................................................................................. 4

*Kerotest Mfg. v. C-O-Two Fire Equip. Co.*,
   342 U.S. 180 (1952) ............................................................................................................. 12

*Kimberly-Clark Corp. v. McNeil-PPC, Inc.*,
   260 F. Supp. 2d 738 (E.D. Wis. 2003) ................................................................................. 13

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ............................................................................................................... 2

*Marbury v. Madison*,
   5 U.S. (1 Cranch) 137 (1803) ................................................................................................ 2

*MedImmune, Inc. v. Centocor, Inc.*,
   409 F.3d 1376 (Fed. Cir. 2005) .............................................................................................. 3

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ........................................................................................................... 3, 5

*Microsoft Corp. v. DataTern, Inc.*,
   755 F.3d 899 (Fed. Cir. 2014) ............................................................................................ 3, 5

*Nalco Co. v. AP Tech Grp., Inc.*,
   2014 U.S. Dist. LEXIS 109592 (D. Del. Aug. 8, 2014) ........................................................ 9

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
   126 F. Supp. 3d 430 (D. Del. Sept. 1, 2015) ......................................................................... 9

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
   No. 5:11-CV-02288-LHK, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) ............................ 13

*Ricoh Co. v. Aeroflex, Inc.*,
   279 F. Supp. 2d 554 (D. Del. 2003) ....................................................................................... 5

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) ..................................................................................................... 3

*Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*,
   458 F.3d 1335 (Fed. Cir. 2006) .................................................................................... 5

*Teleconference Sys. v. Proctor & Gamble Pharm.*, Inc.,
   676 F. Supp. 2d 321 (D. Del. 2009) ............................................................................. 5

*William Gluckin & Co. v. Int'l Playtex Corp.*,
   407 F.2d 177 (2nd Cir. 1969) ....................................................................................... 4

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ..................................................................................................... 4

**Statutes**

28 U.S.C. § 1404 .................................................................................................................. 3

28 U.S.C. § 2201 .................................................................................................................. 3

28 U.S.C. § 1391 .................................................................................................................. 8

**Rules**

Federal Rules of Civil Procedure 12 ............................................................................. 1, 2

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

On July 3 and July 12, 2019, Parallel Networks Licensing, LLC ("Parallel Networks"), the declaratory judgment Defendant in this case, filed separate complaints against RamQuest Software Inc. and Superior Turnkey Solutions Group, Inc. (collectively, "Citrix Customers"), respectively, in the Eastern District of Texas, alleging infringement of U.S. Patent Nos. 5,894,554 ("the '554 Patent") and 6,415,335 ("the '335 Patent") (collectively, "patents in suit"). Those cases are referred to herein as the "Texas Cases," and are styled *Parallel Networks Licensing LLC v. RamQuest Software Inc., et. al.*, Case No. 4:19-cv-00497-ALM and *Parallel Networks Licensing LLC v. Superior Turnkey Solutions Group, Inc.*, Case No. 4:19-cv-00516-ALM.

On October 24, 2019, Citrix Systems, Inc. ("Citrix") filed the complaint in this action for declaratory judgment of non-infringement of the patents in suit. (D.I. 1.) Citrix alleges that Parallel Networks' allegations against the Citrix Customers in the Texas Cases give rise to an actual and justiciable controversy between Parallel Networks and Citrix, justifying the filing of this case. *Id* at ¶¶ 5, 14, 26. By this Motion, Defendant Parallel Networks seeks (1) dismissal of this case for lack of subject matter jurisdiction, or in the alternative (2) the transfer[1] of this case to the Eastern District of Texas.

II.     **SUMMARY OF THE ARUGMENT**

This case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because, as detailed below, Citrix failed to satisfy its burden to show an actual and justiciable controversy exists between Parallel Networks and Citrix. In particular, case law precisely aligned with the facts here establishes that no declaratory jurisdiction exists where: (1)

---

[1] Pursuant to Local Rule 7.1.1, Parallel Networks conferred with Citrix regarding the transfer portion of this motion. Citrix opposes this transfer request.

there has been no allegation of indirect infringement against Citrix; and (2) Citrix appears to have no indemnity obligation to the defendants in the Texas Cases.  Moreover, there can be no allegation of indirect infringement against Citrix because of the predicate knowledge requirement and the fact that the patents in suit have already expired.  There simply is no case or controversy that can arise directly between Parallel Networks and Citrix.

If not dismissed outright, this case should be transferred to the Eastern District of Texas, where Citrix may seek consolidation with two previously filed cases in that venue, and into which Citrix may seek to be joined.  There is no dispute that this is the "second filed" action relative to the Texas Cases.  Case law establishes that, in that situation, the declaratory judgment action, if filed later, should be stayed, dismissed or transferred to the forum of the earlier-filed infringement action.

### III.  LEGAL STANDARD

#### A.  Subject Matter Jurisdiction

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80 (1803)).  A defendant can move to dismiss a claim for lack of subject-matter jurisdiction, and the plaintiff has the burden of proving jurisdiction in order to survive the motion.  Fed. R. Civ. P. 12(b)(1); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be

sought." 28 U.S.C. § 2201(a).  To satisfy the "actual controversy" requirement, a party must show a justiciable "case" or "controversy" under Article III of the Constitution.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937).

The "threshold question for declaratory judgment jurisdiction is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *Id.* at 1377 (citing *MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378 (Fed. Cir. 2005), *overruled on other grounds*, *MedImmune*, 549 U.S. at 130–31).

### B. Transfer of Venue

#### a. The *Jumara* Analysis and Factors

For a case to be transferred under 28 U.S.C. § 1404(a), (1) it must have been eligible to have been brought in the proposed transferee forum, and (2) the balance of relevant considerations must favor transfer.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995); *see also, Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).

In *Jumara v. State Farm Insurance Company*, the Third Circuit established six private interest and six public interest factors to be evaluated when deciding a motion to transfer under § 1404(a). *Jumara*, 55 F.3d at 879-80.  The private factors include: (1) plaintiff's forum preference, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the

3

convenience of the parties, (5) the convenience of the witnesses, and (6) the location of books and records.  *Id.* at 879.

The public factors include: (1) the enforceability of the judgment, (2) practical considerations that would make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Id.* at 879-880.

These factors are non-exclusive, and not necessarily entitled to equal weight.  *See id.* at 879.

### b. First-to-File Rule and Customer Suit Exception

The Federal Circuit has recognized the first to file rule noting that, "as a principle of sound judicial administration, the first suit should have priority, absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989), quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2nd Cir. 1969).  "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, ***generally is to be stayed, dismissed or transferred to the forum of the infringement action***."  *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (emphasis added).

In patent infringement cases, the Federal Circuit "appl[ies] the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quoting *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), overruled on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

4

To apply an exception to the first-to-file rule, there must be "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 937, 938. "[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) (recognizing that "it would not be demonstrably more efficient to stay the Texas suits in favor of Tegic's manufacturer's suit in Washington.").

"Delaware courts are not hesitant to transfer . . . a patent action to a more appropriate forum if warranted by the facts of the case." *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 330 (D. Del. 2009); *Ricoh Co. v. Aeroflex, Inc.*, 279 F. Supp. 2d 554, 558 (D. Del. 2003) (holding in a first-filed patent case that "public and private interests are sufficient to tip the balance of convenience strongly in favor of transfer").

## IV. ARGUMENT

### A. Citrix Fails to Provide Sufficient Evidence of an "Actual Controversy" Between the Parties, and Thus Its Complaint Should Be Dismissed

In its complaint, Citrix bases its standing exclusively on the notion that Parallel Networks brought allegations of direct infringement against Citrix customers using evidentiary citations to Citrix materials. Case law holds, however, that these facts alone are not sufficient to establish declaratory jurisdiction.

Specifically, as multiple courts have held, "suits against a plaintiff's customers are insufficient by themselves to establish a case or controversy between the supplier-plaintiff and the patent holder-defendant." *Broadsign Int'l, LLC v. T-Rex Prop. BA*, 2018 U.S. Dist. LEXIS 4878, at *8 (S.D.N.Y. Jan 10, 2018) (citing *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906-07 (Fed. Cir. 2014)). *See also*, *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) (discussing

5

the need for a substantial, real, and immediate controversy as a precursor to declaratory judgment).

Instead, declaratory jurisdiction requires other specific factors, namely an indemnity relationship or an existing claim of inducement against the supplier:

> [W]here a patent holder accuses customers of direct infringement based solely on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if (a) the supplier is obligated to indemnify its customers from infringement liability, or (b) there is a controversy between the patentee and the supplier as the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers.

*Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011).

Citrix's complaint fails to allege any indemnity relationship, leaving only the consideration of whether there exists a claim of indirect infringement from Parallel Networks against Citrix. There is no dispute that there is no such claim; Parallel Networks has not alleged induced or contributory infringement. Instead, Parallel has limited its allegations to direct infringement against two Texas-based entities for their specific *use* of instrumentalities that include Citrix software.

Here, the burden for establishing declaratory judgment jurisdiction falls on Citrix. *Mobile Telecoms. Techs., LLC v. Mobile Telecomms. Techs, LLC*, 247 F. Supp. 3d 456, 460 (D. Del. March 20, 2017). Under *Arris Group*, without these additional allegations, Citrix lacks standing to bring an action for declaratory judgment.

The facts present here are distinguishable to those in *Microsoft Corp. v. DataTern, Inc.*, which also involved suppliers SAP AG and SAP America, Inc. (collectively, "SAP"). In *DataTern*, the declaratory judgment defendant, DataTern, previously sued SAP customers for direct infringement based on those customers' use of SAP software. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014). As part of its cases against SAP's

6

customers, DataTern included claim charts citing to SAP instruction manuals and other materials. *Id.* at 905.

SAP filed a declaratory judgment action, asserting that any suits against its customers for direct infringement automatically gave rise to case or controversy regarding induced infringement. *Id.* at 904.  The Federal Circuit disagreed, rejecting the notion that DJ jurisdiction for a supplier would automatically arise because of a suit against a supplier's customer. *Id.* at 904.  *See also*, *Intel Corp. v. Future Link Sys., LLC*, 2015 U.S. Dist. LEXIS 17176 at *16-17 (D. Del. Feb. 12, 2015) ("The *DataTern* Court found it 'incorrect' to assume that a supplier has an automatic 'right to bring [a] declaratory action solely because their customers have been sued for infringement.'").

The basis for declaratory judgment jurisdiction found in *DataTern* was a limited and separate ground related to acts of inducement by SAP.  Specifically, the Court found that SAP was able to demonstrate—through DataTern's use of the instructions and guides in its customer-cases—that substantial controversy existed as to whether SAP may have potential liability for indirect (i.e., induced) infringement. *Id.* at 905.

Here, Parallel Networks has filed cases against Citrix's customers and cites Citrix materials to demonstrate *direct* infringement by those customers only.  However, unlike in *DataTern*, Parallel Networks has not and can not allege indirect infringement against Citrix because the patents in suit have expired.  Parallel Networks' is unaware of any knowledge possessed by Citrix, prior to the expiration of the patents in suit, that the Citrix products at issue in the Texas Cases infringed or might infringe the asserted patents nor has Citrix ever made such allegation in its declaratory judgement complaint.  Absent such pre-suit knowledge, Citrix faces no potential liability for indirect infringement.  In sum, *DataTern* makes clear that customers'

7

suits do not automatically give rise to standing, and the specific facts that do give rise to DJ jurisdiction do not exist in this case.

On these grounds, Citrix's complaint should be dismissed.

### B. Alternatively, the Court Should Transfer this Case to the Eastern District of Texas

If, despite the above analysis, the Court determines that Citrix has provided sufficient evidence to establish standing, the Court should transfer the matter to the Eastern District of Texas.

#### a. This Case Could Have Been Brought in the Eastern District of Texas

Venue is proper in "a judicial district in which any defendant resides." 28. U.S.C. § 1391 (b)(1). Citrix concedes that Parallel Networks resides at 17440 N. Dallas Parkway, Ste. 230, Dallas, Texas 75287, which lies within the Eastern District of Texas. Therefore, venue is proper in the Eastern District of Texas.

#### b. The *Jumara* Private Factors Favor Transfer

Five of the six private factors weigh in favor of transfer, with only Citrix's forum preference weighing against. However, Citrix's preference is just that—a preference—and is discounted in light of several considerations discussed below.

*First*, while Citrix's forum preference is entitled to some weight, that preference is far from dispositive and does not prevent this Court from transferring this case. *E. I. Dupont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D. Del. 1981) ("The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right."). While it may be incorporated in Delaware, Citrix, which is headquartered in Florida, is not known to have an actual physical presence in this forum. This attenuates the influence of this factor. Delaware's "home turf rule is merely a short-hand way of saying that, under the

balancing test inherent in any transfer analysis, the weaker the connection between the forum and either the plaintiff or the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer." *Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 147834, at *18 (D. Del. Oct. 15, 2012) (*quoting Affymetrix, Inc. v Synteni, Inc.*, 28 F. Supp. 2d 192, 198 (D. Del. 1998)).

*Second*, Parallel Networks' forum preference is entitled to substantial weight. Parallel Networks seeks to transfer to the venue where its sole employee, sole office, two out of the three inventors of the patents in suit, the officers of the original assignee of the patents in suit, the attorneys who prosecuted the patents in suit, the attorneys who were involved in reexaminations and inter partes reviews of the patents in suit, and all of its relevant documents are located. This Court has repeatedly held that the "physical proximity of the proposed transferee district to a defendant's principal or key place of business (and relatedly, to witnesses and evidence potentially at issue in the case) is a clear, legitimate basis for seeking transfer[,]" and weighs in favor of the same. *See, e.g.*, *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 439 (D. Del. Sept. 1, 2015); *Nalco Co. v. AP Tech Grp., Inc.*, 2014 U.S. Dist. LEXIS 109592 at *1 (D. Del. Aug. 8, 2014); *Genetic Techs. v. Natera, Inc.*, 2014 U.S. Dist. LEXIS 51772 at *2-3 (D. Del. Apr. 15, 2014).

*Third*, the factor of whether the claim "arose elsewhere" favors transfer. Citrix's complaint directly references ongoing litigation in the Eastern District of Texas regarding the use of Citrix's products in the Eastern District of Texas by entities residing in the Eastern District of Texas. None of this activity occurred in Delaware or has any impact on Delaware.

*Fourth, fifth*, and *sixth*, all relevant actions took place in the proposed transferee venue, and at least Parallel Networks' relevant documents and witnesses are there as well. The Eastern

9

District of Texas is also far more convenient for Parallel Networks as it resides there and witnesses that would need to be deposed and/or appear at trial all reside there. Furthermore, the fact that Citrix—which is headquartered in Fort Lauderale, Florida—would need to travel significant distances in either event weighs in favor of transfer. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F.Supp. 2d 393, 399 (D. Del. April 30, 2002) (holding that a plaintiff's choice of forum should be accorded less deference where the proposed transferee forum is the location of defendant's principal place of business and where plaintiff will be required to travel regardless of whether the case is transferred). Particularly in light of the substantial nexus between this case and the Eastern District of Texas, it makes more sense for this matter to be heard in the Eastern District of Texas.

### c. The Public Factors Favor Transfer

The **Second** public factor weighs in favor of transfer. While Citrix may attempt to focus entirely on the fact that both parties to this suit are organized under Delaware law, this fact is not entitled to "extreme deference." *See CVIN LLC v. Clarity Telecom, LLC*, No. 17-417-LPS (D. Del., Oct. 2, 2017) attached hereto as Exhibit 1 at 30:13-15 (granting transfer out of Delaware despite defendant being a Delaware entity). As a practical matter, as far as convenience goes, the situs of formation need not unduly influence this analysis. It does not make litigation in the District of Delaware any easier, less expensive, or more expeditious.

As discussed above, Parallel Networks, all of Parallel Networks' anticipated witnesses, and its documents known to be relevant to this dispute are located in the Eastern District of Texas. Thus, litigating this matter in Texas will be easier and less expensive for all parties involved. This is exactly the situation in *CVIN*, in which this Court granted transfer. *See id*. at 32:16-24 ("So my focus is on the Eastern District of Missouri. And with respect to that District, the defendant has legitimate and rationale reasons for its preference. That is where they are

physically located. It is clearly a more convenient forum for defendant than Delaware is. There are many witnesses located there. And the decisions that form the basis for plaintiff's claims evidently occurred in the Eastern District of Missouri. So that factor favors transfer.")

Furthermore, the ongoing litigation underlying this matter between Parallel Networks and two direct infringers of its patents is taking place in the Eastern District of Texas. Any relevant evidence, outcome, or determinations will be made there. Given that Citrix must travel to litigate either in Delaware or in the Eastern District of Texas, the first public factor weighs in favor of transfer.

The *third* factor weighs slightly in favor of transfer. While joining Citrix to one of the ongoing cases in the Eastern District of Texas may speed matters along, the dockets of the two fora do not otherwise suggest that either Court would experience administrative difficulty as a result of hearing this case.

The *fourth* public factor, regarding the local interests of the two fora in hearing a case, is inapplicable. The factor weighs neutrally because "patent rights generally do not give rise to local controversy or implicate local interests." *ICU Medical Inc. v. Rymed Technologies, Inc.*, 2008 U.S. Dist. LEXIS 4983 at *13 (D. Del. Jan. 23, 2008).

The remaining *first, fifth*, and *sixth* public factors are either neutral or somewhat-favoring transfer: (1) it is unlikely the enforceability of any judgment will be affected by which forum hears this matter; (5) there are no public polices of the District of Delaware or of the Eastern District of Texas which suggest that either venue should hear this matter; (6) the legal issues here stem from federal patent law, and thus can be aptly decided in either forum.

Notably, in view of arguments on these same factors, this Court transferred a declaratory judgment action under very similar circumstances. *See Quinstreet Inc. v. Parallel Networks,*

11

*LLC*, No. 06-495-SLR, (D. Del. Nov. 3, 2009), attached hereto as Exhibit 2. In *Quinstreet*, this Court transferred a declaratory judgment action, filed by Microsoft, over the same patents at issue here. The declaratory judgement action was transferred to the Eastern District of Texas, where a prior suit alleged infringement based on the use of Microsoft's products. While a demonstrated indemnity relationship precluded the Court from granting the motion to dismiss, transfer was deemed appropriate. *See id.* (concluding that that Microsoft's declaratory judgment action should be severed and transferred to the Eastern District of Texas.)

### d. The First-Filed Rule Further Suggests that this Case Be Transferred

There can be no reasonable dispute that the Texas Cases were first-filed. The cases against RamQuest Software and Superior Turnkey were filed on July 3 and July 12, 2019, respectively. This case was filed over three months later, on October 23, 2019. As this case is a declaratory judgment action and the Texas Cases are infringement actions, the Federal Circuit has made clear what should occur: this case should be transferred to the forum of the Texas Cases. *Futurewei Techs.,* 737 F.3d at 708 (Fed. Cir. 2013).

Notably, Citrix has not sought to join the Texas Cases directly, which could obviate any dispute over the applicability of the customer-suit exception. *See Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 11-15068, 2012 WL 314049, at *6 (E.D. Mich. Jan. 31, 2012) ("When the manufacturer not only can be, but is a party to the first-filed litigation, the rationale behind the customer-suit exception is weakened to the point of irrelevancy."). In *Drew Techs*, Bosch added the declaratory judgment plaintiff Drew to the customer suit ***after*** the declaratory judgment action was filed. *Id.* at *2.

Conversely, where the supplier *cannot* be joined in the customer suit district, then the manufacturer suit can proceed elsewhere. *Kerotest Mfg. v. C-O-Two Fire Equip. Co.*, 342 U.S.

12

180, 186 (1952).  Courts in this District have sensibly held, however, that the availability of the declaratory judgment plaintiff as a defendant in Texas (the customer suit jurisdiction) means that the Supreme Court's exception in *Kerotest* does not apply.  *Air Products and Chemicals, Inc. v. MG Nitrogen Services, Inc.*, 133 F. Supp. 2d 354, 356–57 (D. Del. 2001).

Like customer-defendant Tesco in *Air Products*, the Citrix customers in the Texas Cases are not a mere resellers of infringing products.  In *Air Products*, Tesco was alleged to be a direct infringer by ***using*** Air Products' membrane equipment in nitrogen production units.  *Air Products* 133 F. Supp. 2d at 357.  Similarly, in the Texas Cases, it is Citrix Customers' ***use*** of a computer system that accesses Citrix load-balancers that is alleged to infringe the patents in suit.  On these facts, this Court held in *Air Products* that "[t]he facts of record do not fit within any exception to the first to file rule." *Id.* at 357.

Moreover, even though declaratory judgment jurisdiction was found in *Air Products*, this Court transferred the case to Texas in the interests of justice.  *Id.* at 357.  It would be well within the interests of justice to transfer this matter.  Indeed, it would be consistent with previous decisions by this Court as exemplified by the *Quinstreet* decision.

Finally, the determination of the appropriate venue for this dispute should not be made by this Court, but rather should be made by the first-filed court.  *See, e.g., Daimler Chrysler Corp. v. Gen. Motors Corp.*, 133 F. Supp. 2d 1041, 1044 (N.D. Ohio 2001) ("[i]t is more appropriate, as a matter of judicial comity, for the court of first filing to determine whether to retain or relinquish jurisdiction, rather than leave it to the court of later filing to make that decision." *See also Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738, 740–41 (E.D. Wis. 2003) ("[W]hen at least one claim in a first-filed case action 'mirrors' claims brought in a later-filed action, the determination of which case should go forward must be left to the judge in the first-

13

filed action."); *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5:11-CV-02288-LHK, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011) ("encourag[ing the declaratory judgment plaintiff] to move to intervene in the Texas [customer suit] or bring a separate action for declaratory judgment in the Eastern District of Texas and seek to relate that claim to the Texas [customer suit]" after holding that customer suit exception did not apply).

Thus, even if the Court finds that subject matter jurisdiction exists in this case, the Court should nonetheless transfer this case to the Eastern District of Texas under *Air Products*, because the customer suit exception does not apply and Citrix can readily be joined as a defendant in the Eastern District of Texas.

## V.   CONCLUSION

Based on the foregoing Defendant asks the Court to dismiss, or in the alternative, transfer, this matter.

Dated: December 18, 2019

Respectfully submitted,

DEVLIN LAW FIRM LLC

By:   */s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com

*Attorney for Defendant
Parallel Networks Licensing, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 18, 2019.

    /s/ *Timothy Devlin*
Timothy Devlin